# United States Court of Appeals for the Federal Circuit

---

**JTEKT CORPORATION**

*Appellant*

v.

**GKN AUTOMOTIVE LTD.**

*Appellee.*

---

2017-1828

---

Appeal from the Patent and Trademark Office, Patent Trial and Appeal Board IPR2016-00046

---

## JTEKT CORPORATION'S ADVANCE MOTION FOR IN CAMERA REVIEW

---

> W. Todd Baker
> Lisa M. Mandrusiak
> OBLON, MCCLELLAND, MAIER & NEUSTADT, LLP
> 1940 Duke Street
> Alexandria, Virginia 22314
> 703-413-3000
>
> *Counsel for Appellant*

Dated: June 28, 2017

# CERTIFICATE OF INTEREST

Counsel for the Appellant certifies the following:

1. The full name of every party or amicus represented by me is:

   **JTEKT Corporation**

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

   **None**

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   **None**

4. The names of all law firms and partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

   **OBLON, MCCLELLAND, MAIER & NEUSTADT, L.L.P.**
   **W. Todd Baker**
   **Lisa M. Mandrusiak**
   **Ryan Smith**

June 28, 2017                           /s/ W. Todd Baker
Date                                          W. Todd Baker

JTEKT Corporation ("JTEKT") is appealing from the Patent Trial and Appeal Board's decision in IPR2016-00046. No protective order was entered into by the parties during the IPR proceeding. Now, GKN Automotive Ltd. ("GKN") has filed a motion to dismiss for lack of jurisdiction. JTEKT's response is due July 3, 2017.

In response to GKN's motion, JTEKT will be submitting supplemental evidence including affidavits and supporting documents evidencing JTEKT's standing to seek review. *Phigenix, Inc. v. ImmunoGen, Inc.*, 845 F.3d 1168, 1173 (Fed. Cir. 2017) (the appellant must submit additional evidence if evidence of standing does not exist in the record). Some of this material is highly confidential, detailing commercial partnerships, milestones for products not yet on the market, and illustrating aspects of JTEKT's development process. And, GKN and JTEKT are established competitors in the automotive field. Because there was no protective order entered at the IPR, JTEKT is without any protection for its sensitive information, and the Court's rules for handing confidential information subject to a protective order are not directly applicable. As such, JTEKT respectfully requests that the Court enter a protective order under Rule 47.8 sealing the record

1

and limiting access to any documents filed by JTEKT under seal and designated confidential (and any subsequent papers referring to these documents) to the Court and to GKN's outside counsel only.[1]  JTEKT anticipates designating its response and 3–5 exhibits under seal.  JTEKT will provide redacted versions of all documents for the public record.

    According to Rule 47.8, sealing the record is appropriate when the interest of justice requires it.  And Rule 27(m)(1)(A), dealing with confidentiality in motions on appeal, explains that a party may file a motion to allow more than fifteen works to be marked confidential if public disclosure of that information will cause competitive injury.  *See also* Rule 28(d)(1)(A) (same regarding confidential information in briefs).  Here, due to the confidential nature of some of the information to be submitted by JTEKT and in view of the competitive disposition of the parties, the Court should protect JTEKT's confidential materials

---

[1] JTEKT is filing this motion as an advance motion for in camera review based on advice from this Court's clerk given by telephone on June 27, 2017.  JTEKT can refile this motion with its Response due July 3, 2017 akin to the guidance in Rule 27(m)(1)(A) if the Court prefers.  Because no protective order exists, Rule 27(m)(1)(A) does not appear to apply.

(while simultaneously allowing JTEKT to mark confidential more than fifteen words in its Response and supporting documents).

Federal courts routinely grant protective orders to protect materials containing "a trade secret or other confidential research, development, or commercial information." F. R. Civ. Pro. 26(c)(1)(G). If JTEKT's confidential information, which includes development and commercial information, was released publicly—especially to one of JTEKT's top competitors—the injury to JTEKT would be serious and tangible. The confidential information included in the documents listed below would harm JTEKT's competitive standing if made public. Specifically, JTEKT intends to submit confidential information including at least:

- Declarations from JTEKT employees detailing in-house patent clearance and product development procedures;
- Information detailing the financial investments made into certain JTEKT product(s);
- Documents illustrating collaborative development relationships with third parties; and

- Documents portraying existing and potential commercial relationships with customers.

Notably, JTEKT is making every effort to rely on publicly available information where possible.

JTEKT is still in the process of gathering supporting material for its Opposition to GKN's motion to dismiss, and thus may identify additional documents in the coming days that it intends to submit that also include confidential information of a similar nature.  In view of the fast-approaching July 3, 2017 deadline for its filing, JTEKT respectfully requests that the Court grant an advance motion and issue a protective order protecting documents filed by JTEKT under seal on July 3 deemed by JTEKT to be confidential (and any subsequent papers referring to these documents) to the Court and to GKN's outside counsel only.  Simultaneously, JTEKT requests permission to mark more than fifteen words as confidential in its Response and supporting documents.  As noted above, JTEKT will provide redacted versions of all documents for the public record.

JTEKT has discussed this motion with GKN's counsel.  GKN's counsel indicated that they consent to the motion, but retain the right

4

to confer with GKN on a high level about the confidential information if necessary to reply, and reserve the right to object to JTEKT's designation if they consider the information in a sealed document is not confidential.

For the foregoing reasons, JTEKT respectfully requests that this Court grant JTEKT's motion to seal the record and limit access to JTEKT's confidential filings and evidence to the Court and GKN's outside counsel only. Simultaneously, JTEKT requests permission to mark more than fifteen words as confidential in its Response and supporting documents.

                                                      Respectfully submitted,

June 28, 2017                <u>/s/ W. Todd Baker</u>
                                          W. Todd Baker
                                          Lisa M. Mandrusiak
                                          OBLON, MCCLELLAND, MAIER &
                                          NEUSTADT, LLP
                                          1940 Duke Street
                                          Alexandria, Virginia 22314
                                          703-413-3000

                                          *Attorneys for Appellant*
                                          *JTEKT Corporation*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on  June 28, 2017
by:

☐ U.S. Mail

☐ Fax

☐ Hand

☒ Electronic Means (by E-mail or CM/ECF)

| | |
|---|---|
| W. Todd Baker | /s/ W. Todd Baker |
| Name of Counsel | Signature of Counsel |

| | |
|---|---|
| Law Firm | Oblon, McClelland, Maier & Neustadt, LLP |
| Address | 1940 Duke Street |
| City, State, Zip | Alexandria, Virginia  22314 |
| Telephone Number | 703-413-3000 |
| Fax Number | 703-413-2220 |
| E-Mail Address | cpdocketbaker@oblon.com |

NOTE: For attorneys filing documents electronically, the name of the filer under whose log-in and password a document is submitted must be preceded by an "/s/" and typed in the space where the signature would otherwise appear. Graphic and other electronic signatures are discouraged.

Reset Fields